UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUY ROLAND SEATON,

    Petitioner,

 v.

UNITED STATES OF AMERICA,

    Respondent.

                                   /

Nos.  C - 08-0105 MHP
         CR-02-0044 MHP

**Order to Show Cause**

BACKGROUND

    On May 8, 2001, Guy Roland Seaton was indicted on six counts relating to Medicare fraud. He was found guilty by a jury on all counts. He was sentenced to a term of imprisonment of 78 months and three years' supervised release on April 15, 2004. Seaton appealed his conviction, and on May 5, 2006, the Ninth Circuit affirmed this court's decision. On January 8, 2007, the United States Supreme Court denied his petition for writ of certiorari. On January 2, 2008, Seaton moved to vacate his plea, judgment and sentence in light of an alleged denial of effective assistance of counsel and violation of his Sixth Amendment and due process rights. That motion is now before the court for preliminary review pursuant to 28 U.S.C. section 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

LEGAL STANDARD

    A prisoner in federal custody may move to vacate, set aside or correct his or her sentence pursuant to 28 U.S.C. § 2255. That federal habeas statute allows a prisoner in federal custody to challenge the imposition or the length of the sentence "upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. If any of these four grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

"If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge must dismiss the motion." See Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts Under Section 2255 of Title 28, United States Code; United States v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987). Summary dismissal is appropriate only when the allegations in the petition are vague or conclusory, palpably incredible or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75–76 (1977)).

A petitioner has one year to file a motion from the latest of: (1) the date on which his judgment of conviction became final; (2) the date on which an impediment to filing the motion, created by a governmental action, was removed; (3) the date on which the right asserted was first recognized by the Supreme Court; or (4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. 28 U.S.C. § 2255.

DISCUSSION

Seaton advances eleven arguments in his motion. Of these he has willingly abandoned arguments 5-7. Of the remaining arguments, four of them (arguments 3, 9, 10, and 11) were previously raised on appeal. See United States v. St. Luke's Subacute Care Hosp., Inc., 2006 WL 1208123, *1 (9th Cir. 2006). These claims may not be litigated again in a federal habeas motion. See United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999). Similarly, Seaton's second argument, that the indictment failed to state an offense, is patently false. Seaton was charged with conspiracy, false claims, false statement and obstruction of federal audit in violations of 18 U.S.C. sections 371, 287, 1001(a)(3), and 1516. See Indictment, Docket Entry No. 1.

The remaining arguments alleging ineffective assistance of counsel and ineffective assistance of appellate counsel may proceed. He contends that he received ineffective assistance of counsel in at least three instances. First, his attorneys did not object to testimony at trial which he alleges was inadmissable lay opinion and mischaracterization of the evidence. Second, he contends that Count 1 was fatally defective because it charged multiple objects of the conspiracy and is therefore a Yates error, and that his attorneys failed to argue this point. See Yates v. United States, 354 U.S. 298, 312 (1957). Third, he alleges that his trial counsel failed to argue at sentencing that a United States Sentencing Guidelines section 3B1.3 enhancement, for the abuse of position of trust, did not apply to Seaton. He further argues that his appellate counsel was constitutionally deficient because counsel did not raise the above deficiencies regarding the effectiveness of his trial counsel. Seaton contends these deficiencies prejudiced him in the form of an increased sentence.

By alleging that trial and appellate counsel failed to perform adequately and that such failure was prejudicial, Seaton has raised cognizable claims for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984); Evitts v. Lucey, 469 U.S. 387, 395-96 (1985). Strickland establishes the standard that petitioner must show both deficient performance, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and resulting prejudice, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 694. With respect to petitioner's ineffective assistance of counsel claim, it cannot be said that the record as it now stands "conclusively show[s] that [petitioner] is entitled to no relief." 28 U.S.C. § 2255. It is therefore appropriate to compel respondent to answer the section 2255 motion to the extent that petitioner claims that he was deprived of his Sixth and Fourteenth Amendment rights to effective assistance of trial and appellate counsel. See Rules Governing Section 2255 Proceedings, Rule 4(b).

CONCLUSION

For the reasons stated above, respondent is hereby ORDERED to file an opposition to SHOW CAUSE why the motion should not be granted. Respondent shall file an opposition to the

3

motion within sixty (60) days of the date on which this order is entered. Petitioner may file a reply within thirty (30) days of the date of the date on which the answer is due.

IT IS SO ORDERED.

Dated: March 19, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California