IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br> v.<br><br>GUY ROLAND SEATON<br><br>   Defendant.          / | No. CR 02-00044 CRB<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF RESTITUTION ORDER** |

  Defendant Guy Roland Seaton, proceeding pro se, has again moved this Court for an order modifying this Court's final restitution order entered on June 15, 2004. See Mot. (dkt. 351). This Court already denied a motion by Seaton to vacate the restitution order, see dkt. 340, and the Ninth Circuit affirmed that denial, see dkt. 347. Seaton has identified no basis for this Court to consider his challenge to the merits of his eight-year-old restitution order, and the Court accordingly DENIES Seaton's motion.

  Seaton's motion invokes two grounds for modifying the order: 18 U.S.C. § 3664(k) and Federal Rule of Civil Procedure 32.1(c). Neither provides authority for the modification Seaton seeks. Section 3664(k) contemplates modifications premised on "material change[s] in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." Seaton's motion says nothing about changes in his economic circumstances; rather, it argues that this Court's order was wrong when it was entered. See generally Mot. 1-6.

Rule 32.1 deals with modification of the terms of a sentence of probation or supervised release.  Seaton is not seeking to modify the terms of his probation or supervised release, but a separate component of his sentence–the restitution order.  Compare 18 U.S.C. § 3551(b)(1), with 18 U.S.C. § 3556.

Seaton is proceeding pro se, and to its credit, the government's opposition to Seaton's motion discusses possible alternative procedural grounds that Seaton might have invoked. The Court agrees with the government, however, that none of those grounds would permit the Court to entertain Seaton's motion. Briefly:

- Rule 36 permits district courts to correct clerical errors and other errors arising from oversight or omission, but it does not permit "reassessment of the merits of an earlier decision after the time for reconsideration or appeal ha[s] lapsed." United States v. Jones, 608 F.2d 386, 389 (9th Cir. 1979).
- Seaton's substantive challenges to his sentence could have been pursued by appeal of that sentence.  Federal Rule of Appellate Procedure 4(b) requires that Seaton make those challenges within ten days of the entry of judgment.  Judgment here was entered over eight years ago.
- Seaton has already sought relief under 28 U.S.C. § 2255, see dkts. 204, 304, and this challenge raising new issues would be barred as a "second or successive petition" that Seaton has not received permission from the Ninth Circuit to file, see 28 U.S.C. § 2255(h).

Accordingly, the Court DENIES Seaton's motion.

**IT IS SO ORDERED.**

Dated: March 7, 2013

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE